HOWARD & BROWN REALTY COMPANY, Respondent, v. PAUL BERMAN, Appellant.

Springfield Court of Appeals, December 6, 1922.

1. **MASTER AND SERVANT:** Automobile Driver's Agency Held for Jury. In action for damages to plaintiff's automobile, struck by defendant's automobile, the question whether defendant had instructed the driver, who was not a regular employee of defend-

26—211 M. A.

ant at the time of the collision, to use his automobile to get bolts needed by plaintiff for a kiddy car defendant had undertaken to repair, *held* for the jury.

2. **MUNICIPAL CORPORATIONS:** Violation of Speed Ordinance Does not render Automobile Owner Liable for Damages Caused by Collision, Where not Proximate Cause of Collision, nor Does it Create the Presumption That Injury was Caused by Excessive Speed. Violation of speed ordinance does not render automobile owner liable for damages caused by collision, where such violation was not the proximate cause of the collision, nor does the fact that an automobile was run at a speed prohibited by ordinance at the time of the injury raise a presumption that the injury was caused by such excessive speed.

3. ————: Violation of Traffic Ordinance Negligence Per se, if Ordinance is Reasonable. The violation of a traffic ordinance is usually negligence *per se*, but such rule is predicated on the assumption that the ordinance is reasonable.

4. **APPEAL AND ERROR:** Verdict Conclusive on Disputed Questions of fact. Verdict of jury is conclusive on disputed questions of fact.

5. ————: Instructions Submitting Question of Defendant's Liability for Damage Caused in Automobile Collision, Held Defective for Failure to Require Negligence as Cause of Injury. In action for damages to automobile, sustained in collision with defendant's automobile, instructions submitting question of defendant's liability, *held* defective for failure to require the negligence to have caused the damage.

6. ————: Instruction on Right of Way Held Objectionable. In action for damages to automobile sustained in collision with defendant's automobile, instruction that vehicles coming in certain directions "shall have the right of way over" vehicles traveling in other direction, *held* objectionable, in that it could be inferred therefrom that it was the absolute duty of the driver of defendant's car to yield the right of way.

Appeal from Circuit Court of Jasper County.—*Hon. Grant Emerson*, Judge.

REVERSED AND REMANDED.

*Owen & Davis* for appellant.

(1)   The relationship of master and servant or that of principal and agent from the mere fact that appellant was the owner of the car driven by Stein and which collided with the car of plaintiff.  Hayes v. Hogan, 273 Mo. 1, 24, 25; Guthrie v. Holmes, 272 Mo. 215, 233; Berry on Automobiles (2 Ed.) sec. 615, page 694; Kilroy v. Crane Agency Co., 203 Mo. App. 302.   (2)   It is based upon negligence at common law.  The cause of action stated in the petition is based upon a violation of city ordinances.  In other words, plaintiff sues upon one cause of action, and the jury as instructed to find upon another and different cause of action.  Degonia v. Railroad, 224 Mo. 589.; State ex rel. v. Ellison, 270 Mo. 645.  (3)   The court committed error in giving, at the request of plaintiff, Instruction No. 2, because it is a mere abstract declaration of law, and is not explanatory of any other instruction in the case.  Sutter v. Kansas City, 138 Mo. App. 113; Edwards v. Lee, 147 Mo. App. 38.   (4)   Instructions Nos. 1 and 2, when taken and considered together, do not properly declare the law, because the jury was not required to find that the driving of defendant's car at a "high rate of speed and in a careless and negligent manned" was the cause of the collision and injury, or that the driving of defendant's car "at a rate of speed in excess of ten miles per hour" while crossing the intersection of Second Street and Byers Avenue was the cause of the collision.  Battles v. Railways Co., 178 Mo. App. 596.; Ashby v. Gravel Road Co., 99 Mo. App. 185.  (5)   The fact, if it be a fact, that the car of defendant was operated at a "high rate of speed in a careless and negligent manner," or that it was operated over the intersection of Second Street and Byers Avenue "at a rate of speed in excess of ten miles per hour," raises no presumption that the collision was caused thereby.  Battles v. Railways Co., 178 Mo. App. 614, 615; Schmidt v. Transit Co., 140 Mo. App. 187; Warner v. Railway Co., 178 Mo. 134; Bluedorn v. Railroad, 121 Mo. 258.   (6)   The court committed error in admitting testimony of the witness Brown as to al-

leged admissions of defendant as to whose fault caused the accident, and the alleged promise of defendant to pay the damages to plaintiff's car, for the reason that such admissions, if any, and such promise, were based upon hearsay, and was therefor inadmissible. 22 Corpus Juris, sec. 327, page 299; Austin Elec. R. Co. v. Faust, 133 S. W. 449; Maher v. Ins. Co., 96 N. Y. S. 496; Merchants Despatch Co. v. Trans. Co., 89 Ill. 152; Conkling v. Weatherwax, 181 N. Y. 258, 73 N. E. 1028. (7) The judgment is for the wrong party, and appellant's motion for a new trial should have been sustained, because the evidence does not show that the relationship of principal and agent or that of master and servant existed between Martin Stein and appellant at the time of the accident, and such relationship could not be presumed from the mere fact of the accident and that appellant was the owner of the car driven by Stein at the time of the accident. Hayes v. Hogan, 273 Mo. 1, 24, 25; Guthrie v. Holmes, 272 Mo. 215, 233; Kilroy v. Crane Agency Co., 203 Mo. App. 302; Berry on Automobiles (2 Ed.), sec. 615, page 694.

*H. S. Miller* for respondent.

The motion of respondent to affirm judgment is not well taken. Appellant's abstract of the record, page 6, recites in a narrative form the filing of motion for new trial, the overruling thereof, the filing of affidavit for appeal, the granting of the appeal, the granting of time in which to file bill of exceptions, the granting of an extension of time in which to file bill of exceptions, and the filing of bill of exceptions, after same had been signed and sealed. State ex rel. v. Broaddus, 239 Mo. 359; State ex rel. v. Broaddus, 234 Mo. 331; State ex rel. v. Smith, 172 Mo. 446; Brickets v. Hart, 150 Mo. 64; McDonald & Co. v. Hoover, 142 Mo. 484; State ex rel. v. Broaddus, 216 Mo. 336; Martin v. Hoover, 182 Mo. 225.

BRADLEY, J.—Plaintiff, respondent here, has filed a motion to affirm because, as recites the motion: "the bill of exceptions, as set forth in the abstract of record filed by the appellant herein, fails to show the order, if any, overruling the motion for a new trial and the saving of exceptions thereto by appellant, if any, the filing of an affidavit for appeal, if any, the form of affidavit for appeal, the order allowing an appeal, if any, the order fixing the time for filing bill of exceptions, if any, the signing of the bill of exceptions on the part of the judge, and the filing thereof and neither does the record show the saving of exception to order overruling motion for a new trial." Appellant's abstract substantially complies with the provisions of our Rule 15, and the motion to affirm is overruled.

Plaintiff brought suit against Martin Stein, a minor, and Paul Berman to recover damages to its automobile resulting from a collision with Berman's automobile. We assume that plaintiff dismissed as to Stein, as the judgment is against Berman. The case was tried to a jury, and the result was a verdict and judgment for plaintiff in the sum of $200. Failing to get a new trial on motion, defendant appealed.

Plaintiff's automobile was being driven north on Byers Avenue in the city of Joplin by Thomas Flynn. Defendant's car was being driven west on Second Street by Martin Stein. Plaintiff alleges that on March 2, 1921, his car was being driven north on Byers Avenue over and across Second Street; that at or about the same time defendant's car was being driven west on Second Street by Martin Stein "who was then and there the agent and servant of the defendant Paul Berman, at that instance and request of said defendant Paul Berman, and on business for the said Paul Berman." Plaintiff pleaded certain city ordinances as to what vehicles had the right of way and as to speed and alleged that: "The driver of plaintiff's said automobile, while going north on Byers Avenue, and while crossing said Second Street on Byers Avenue, was driving plaintiff's said car at a

rate of speed not to exceed ten miles per hour and was in the exercise of reasonable care for his own safety and the safety of others, and upon entering said Second Street at said time, looked for the approach of automobiles or other vehicles from either direction, and kept a constant lookout and exercised such reasonable care as prudent persons would ordinarily exercise under like or similar circumstances, and that he did not see the said car of said defendant, Paul Berman, being driven by said defendant, Martin Stein, until he was about to cross the street car track on said Second Street, at which time he observed the car of defendant as aforesaid, approaching from the east toward the west at the alley immediately east of said Byers Avenue, and that thinking and believing that he could safely do so, the plaintiff's said driver of plaintiff's said car, proceeded to cross Second Street, and shortly thereafter, upon looking again, in the direction from which the said car of the defendant, Paul Berman, was being driven as aforesaid, he saw that the said car of the said defendant, Paul Berman, was being driven at said time and place in a careless, negligent and reckless manner, and at a high and dangerous rate of speed, to-wit, about thirty or thirty-five miles per hour, and that the driver of plaintiff's said car, exercising due and proper care, endeavored to get out of the way of said car of defendant, Paul Berman, being driven as aforesaid, but, in spite of all of his efforts to do so, did not and could not succeed in so doing, and the said driver of the said car of the defendant, Paul Berman, carelessly, recklessly and negligently, in violation of the said traffic ordinances of the City of Joplin, and in violation of the law of the State of Missouri with great force and violation, drove said car of said defendant Paul Berman, upon and against the plaintiff's said car.''

The answer was a general denial and contributory negligence.

We will state in the course of the opinion such of the facts as are necessary to understand the proposi-

tions presented. Defendant predicates error upon the failure of his demurrer at the close of the case, upon the instructions and the admission of evidence. Defendant's demurrer was bottomed on the proposition that there was no substantial evidence tending to show that Martin Stein was defendant's agent and on a mission for defendant's agent and on a mission for defendant at the time of the collision. Thornton L. Brown, a member of plaintiff company, testified that he had a conversation with defendant respecting the collision, and that defendant said: "I am in for it. I have had a lot of trouble. Here is the way it happened. I was doing some work at the house and I needed a couple of bolts and didn't have them there, and Martin happened to be standing there and I says 'Martin, jump in my car and go down to Guenrich's and get a couple of bolts and hurry back.' " Defendant gives the following version of the trip after the bolts: "I had ordered what the call an "Irish Mail" for Mr. Stein's little girl, by his request, and he paid for it. He asked me to order it. After it came in we found that the bolts were missing and I went down to Guenrich's and got the bolts that I thought was sufficient for the car, and brought them home. Mr. Stein asked me to help put it together. Stein paid for the bolts. The car was over at Mr. Stein's home and his boy brought it over to my garage and we were putting it together and young Stein says—young Stein asked the use of my car to get a sweeper for his mother, and I granted him permission to do so. We live right across the street from each other. The young man had been driving his father's car for about a year, I think, probably longer than that. When he asked me for the use of the car to go after this sweeper, I said, "Martin, this one bolt wont fit this car." He says, "All right, I will go and change them at Guenrich's," and he brought his mother's sweeper home and these bolts, and they did not fit. He went out and got in the car and drove down and got the other bolts. Q. That was when the accident occurred? A. Yes, sir, the

second time he used the car.  Q.  The bolts were not yours?  A.  No, sir, they were not.  The car I was fixing was Dave Stein's, the father of Martin, for his little girl.''  Defendant denied having the conversation with Brown.

On cross examination defendant testified: ''Young Stein did have my car, I told him he could have it, and he went down to Guenrich's, and on his way back the accident happened.  He went after bolts.  No I did not tell Brown I sent the boy down after some bolts.  I said this accident occurred through generosity on my part assisting some one else.''

Martin Stein, the lad driving defendant's car when the collision occurred, gave this version: ''Mr. Berman and myself were fixing a small kiddy car for my sister. He was helping me, and we noticed there were some bolts gone from the car, some bolts lacking and I asked him if I could use his car to go down and get these bolts because I had to get a sweeper for my mother right away and he gave his permission to use the car.  Yes, I went after the sweeper for my mother and used the car.  This was not the trip in which the collision was had.  When I came back I brought the sweeper for my mother and these bolts wouldn't fit, and I had to go back another time and it was this trip coming back that I had the accident.  Q.  You were not on any business for Mr. Berman at all?  Mr. Miller: I object to that. The Court: Sustained.  Mr. Owen: Except.  Q.  Who were the bolts for?  A.  Well, Mr. Berman bought it for us.  I got the bolts at Guenrich's.  Q.  Who for, your father, yourself or did you pay for them or what about it?  A.  Mr. Berman paid for them, but I suppose he intended— Q.  Well, the bolts you were down after the last time when the car was first gotten and the bolts gotten, you mean Mr. Berman paid for it as far as you know?  A.  Yes.  Q.  Then you went down after these bolts under the circumstances you have told the jury, isn't that right?  A.  Yes, sir.  The car was for my sister, and we were trying to put it together.  The car I

was driving was Mr. Berman's car. I was on the way from Guenrich's for some bolts for the car. Mr. Berman paid for the bolts. The collision occurred on the way back."

Brown testified in effect that defendant said that he sent young Stein after the bolts. Defendant ordered the kiddy car for Dave Stein's little daughter. Defendant says that Stein paid for the bolts, and Martin Stein says that defendant paid for the bolts. Defendant and Martin Stein both say that Martin asked for the car, but Brown says that defendant told him that he, defendant, *sent* Martin after the bolts. It is not shown what business defendant is engaged in except that it appears that he owns a garage. It does not appear whether he ordered the kiddy car just to accommodate his neighbor Stein or whether he ordered it in the course of his business and received a profit on it. But whatever the disputed facts may be, there are important facts which stand admitted. (1) Defendant *ordered* the kiddy car. (2) He *undertook* to fix it. (3) Certain *bolts* were needed. (4) Martin stein went in defendant's car after the bolts and had a collision with plaintiff's car. Brown says that defendant told him that he, defendant, said to Martin Stein, "Jump in my car and go down to Guenrich's and get a couple of bolts and hurry back." Defendant denies having said such. Martin Stein says that defendant paid for the bolts, and defendant says he did not. But these questions were for the jury, and since their verdict was for plaintiff the disputed questions are settled, by the verdict against defendant.

In Scott et al. v. McLennan et al., — Mo. App. —, 242 S. W. 140, this appears: "McLennan, Sr., admitted that he had first told plaintiff Scott that his son was on an errand for him at the time of the accident, but afterwards had learned that he was mistaken in this, and that the son at the time was on an errand of his own. The admission of McLennan, Sr., under the circumstances here presented must be considered in admission against interest, and may be regarded as true, under the rules of

law which obtain in this and other states. It is at least substantial evidence that defendant's son was operating the car in behalf of defendant's father, and therefore plaintiffs were entitled to have the jury pass upon the question." [See also Rockwell v. Standard Stamping Co., — Mo. App.— —, 241 S. W. 979.] The demurrer was properly refused.

Defendant challenges instructions 1 and 2 given for plaintiff. Instruction number 1 is challenged on the ground, among others, that it predicates recovery on facts not charged in the petition. Defendant says that instruction number 1 is general in its scope in that it requires the jury to find that his automobile at the time of the collision was being driven at a high rate of speed, and in a careless and negligent manner, while the negligence charged in the petition is specific; and based upon an alleged violation of the city ordinance as to speed, and yielding the right of way. The petition does count upon the violation of the ordinance, but there is also an allegation that defendant's automobile was driven at the time in a careless, negligent and reckless manner, and at a high and dangerous rate of speed, to-wit, 35 miles per hour, and there was evidence tending to support such allegation. Instruction number 1 is also challenged on the ground that there is no substantial evidence tending to show that Martin Stein was at the time the agent of defendant and within the scope of his duty. What we have said, supra, on this question is sufficient without repetition here.

Instruction 2 reads as follows: "The court instructs the jury that if the evidence in this case shows that the car of the defendant was being driven at the time and place in question at a rate of speed in excess of 10 miles per hour, and that at said time and place while said car of defendant was being driven westward on Second street approaching Byers Avenue in the City of Joplin, Missouri, the car of plaintiff was on said intersection on Second street and Byers Avenue in said city of Joplin, and that there was any danger of col-

lision with said car of plaintiff, then you will find said car of defendant was being driven in a careless and negligent manner.''

Instruction 1 and 2 are challenged on the ground that the jury was not required to find that the facts predicated *caused* the injury complained of. Both instructions are lacking in the respect mentioned. Instruction 2 is in effect a direction to find for plaintiff. It is axiomatic in the law of negligence, says the St. Louis Court of Appeals in Battles v. United Railways Co., 178 Mo. App. 596 l. c. 614, 161 S. W. 614, that a causal connection must be established between the injury or loss suffered and the negligence charged. In other words recovery cannot be had unless it appear that the injury sustained resulted proximately from the negligence complained of, and which is the basis of plaintiff's action. And this is true even though the negligence charged is the violation of a speed ordinance. The fact that a car is run at a rate of speed prohibited by an ordinance, at the time one is injured by it, raises no presumption that the injury was caused by such excessive speed. In support of the law thus written by Judge ALLEN, speaking for the St. Louis Court of Appeals, a number of cases are cited in Battles v. United Railways Co., supra. Instructions 1 and 2 in the case at bar should have required a finding that the negligence relied upon therein *caused* the injury complained of. In Lackey v. United Railways Co.— Mo.—, 231 S. W. 956, our Supreme Court, Discussing an omission in an instruction like the omission here, said that negligence is not actionable unless it produces the injury, and that in such cases it is always necessary to prove that the negligence complained of is the proximate cause of the injury which results, and that an instruction authorizing a recovery in such case must require such finding.

Instruction number 2 is further challenged because of the use of the language ''*any* danger of collision,'' etc. The instruction is bottomed on the ordinance, and a violation of a traffic ordinance is usually negligence

*per se.* But such rule is predicated on the assumption that the ordinance is reasonable. As said, supra, exceeding the speed limit raises no presumption that the injury resulted therefrom, and this instruction directs a recovery if there was *any* danger of a collision without specifying what source of danger is referred to, and without any qualifying explanation. Defendant would not be liable here for a violation of the speed ordinance unless such was the proximate cause of the injury. The *danger* of collision contemplated by the ordinance must be one arising from the violation of the speed ordinance, and the instruction should so state. As the instruction reads it leaves room for the jury to indulge in conjecture and speculation.

Instruction number 3 reads: "The court instructs the jury that all vehicles traveling on streets in the City of Joplin running in a northerly and southerly direction shall have the right of way over all vehicles traveling in a general easterly and westerly direction in said City of Joplin. And all vehicles traveling on streets running in a general casterly and westerly direction shall give way to vehicles on streets first named." Defendant challenges this instruction as being a mere abstract proposition. The point, we think, is well taken. As the instruction was given it is a mere abstract proposition, and the inference could be drawn therefrom that it was the *absolute* duty of the driver of defendant's car to yield the right of way. A similar, but more nearly correct, instruction was condemned in Petring v. Albers,—Mo. App.—,241 S. W. 452.

We do not find any substantial merit in the assignments based upon the refused instructions, and the admission of evidence.

The judgment should be reversed and the cause remanded because of the errors mentioned, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.