## CRAM v. EVELOFF.
### No. 12185.

Circuit Court of Appeals, Eighth Circuit.
April 27, 1942.

Joseph W. Finley, of St. Paul, Minn. (Gerhard Bundlie and James E. Kelley, both of St. Paul, Minn., on the brief), for appellant.

Marcy K. Brown, Jr., of Kansas City, Mo. (Tom Gershon, of Kansas City, Mo., and B. D. Grogan, of Mankato, Minn., on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee as plaintiff to recover damages from appellant on account of personal injuries alleged to have been sustained by her as a result of appellant's negligence in the operation of an automobile. The parties will be referred to as they appeared in the trial court.

Plaintiff's automobile, driven by her seventeen year old son, Philip Eveloff, was proceeding south on United States Highway No. 71, north of Parkville, Missouri. Defendant was driving his automobile in the same direction, ahead of plaintiff's car. Mechanically, each car was in good condition. There were six occupants in plaintiff's car. Philip Eveloff, the driver, his sister, Mary Ann Eveloff, and his brother, Bernard Eveloff, occupied the front seat. The rear seat was occupied by plaintiff, her daughter Sylvia Eveloff, and her sister Helen Agranofsky, the plaintiff being seated between the other two occupants of the back seat. The only occupants of defendant's car were he and his wife.

It was a clear day and the pavement was dry. This highway is paved, the paved portion being about twenty feet in width. There were grassy earth shoulders about fifteen feet in width on either side of the paving. The surface of the paving was somewhat lower than the surface of the shoulder on either side. A black line in the center divided the pavement into two lanes. The collision occurred near the foot of two hills, about 1:30 in the afternoon of December 3, 1939. Both automobiles had passed over and down the hill to the north, and the brow of the hill to the south, toward which the two cars were moving, was about 400 feet from the point of collision. The highway was straight, and there were no obstructions to the view after having gone over the north hill. As defendant came over the brow of the north hill, he observed a smoking car ahead of him, which had been driven off the paving and stopped on the right shoulder of the highway. Defendant drove in the right lane past the smoking car and stopped without warning, and as he did so, plaintiff's car, which was following him at a distance of about 100 feet, crashed into the rear of defendant's car, injuring plaintiff.

At the close of all the evidence, defendant moved for a directed verdict on the grounds that (1) plaintiff had failed to establish any actionable negligence on the part of defendant; (2) plaintiff had failed to establish any causal connection between any alleged negligence on the part of defendant and the happening of the accident; (3) it appeared conclusively that plaintiff was guilty of contributory negligence. The motion was denied and the cause submitted to the jury, which returned a verdict for plaintiff in the sum of $4,500, on which the court entered judgment. Defendant made a motion for judgment notwithstanding the verdict, which motion was denied, and he prosecutes this appeal.

Defendant seeks reversal on substantially the following grounds: (1) Plaintiff failed to establish actionable negligence on the part of defendant; (2) there was no causal connection between defendant's negligence, if any were proved, and the happening of the accident; (3) plaintiff was guilty of contributory negligence; (4) the court erred in refusing to give defendant's requested instructions numbers 2 and 3.

As an appellate court, we do not weigh the evidence, nor substitute our judgment as to inferences that may be drawn therefrom by the jury. All facts which the evidence of the plaintiff reasonably tends to prove must be accepted as established, and plaintiff is entitled to the benefit of all favorable inferences fairly deducible from the facts which the evidence tends to prove. If, when so viewed, the evidence was such that reasonable men might reach different conclusions, the case was one for the jury. Champlin Refining Co. v. Walker, 8 Cir., 113 F.2d 844; Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 122 A.L.R. 987.

Viewing the evidence in the light most favorable to plaintiff, the jury might have

found the pertinent facts substantially as follows: Defendant stopped his car without warning about six to twelve inches from the right side of the pavement. He did not drive off the pavement and out onto the shoulder, though nothing prevented his so doing; in fact, he testified, "It was done later," and, "He was going to before he went back there." When he stopped the car, his wife told him to drive off the pavement, and he, as well as his wife, saw the smoking car pull off the pavement onto the shoulder. Both cars were traveling at substantially the same rate of speed, about 35 to 45 miles per hour, and had been moving for some distance at practically the same rate of speed. As the cars came down the hill, they were about 100 feet apart. At the point where the collision occurred, the grade was upward. Philip Eveloff, driving plaintiff's car, was looking straight down the highway when he suddenly noticed that the distance between the two cars was shortening, but by the time he realized this and put the brakes on his own car, the cars were only about 40 feet apart. Defendant's car came to a very sudden stop, and he gave no warning. The back of his car was muddy so that, if the rear lights gave any warning, it could not be seen. Plaintiff's car crashed into the rear end of defendant's car. Philip Eveloff testified that he could not turn out because he did not start in time; that he was trying to stop and get around defendant's car, and turned his wheel to the left to avoid hitting it but that he did not have time nor opportunity to turn to the left, though he tried to do so. Articles of bedding in the back of defendant's car obstructed his view to the rear by covering about four inches of the rear vision window.

Section 7777, R.S.Mo.1929, Mo.R.S.A. § 8385, provides:

"(a) All vehicles not in motion shall be placed with their right sides as near the right-hand side of the highway as practicable * * *.

"(b) All vehicles when in operation shall be kept as close to the right-hand side of the highway as practicable."

■ To allow a motor vehicle to stand on the traveled portion of a highway is negligence, unless it affirmatively appears that it was necessary to do so. Smith v. Producers Cold Storage Co., Mo.App., 128 S.W. 2d 299. Defendant could have driven his car off the pavement and onto the shoulder on the right side. The courts of Missouri also hold that the sudden stopping of a forward car without warning to the driver of the following car is negligence. Ritz v. Cousins Lumber Co., 227 Mo.App. 1167, 59 S.W.2d 1072; Setzer v. Ulrich, Mo.App., 90 S.W.2d 154. Subdivisions (k) (*l*) of Section 7777, Revised Statutes of Missouri, Mo.R. S.A. § 8385(k) (*l*), requires that a signal with the hand and arm indicating an intention to turn or stop, or to slacken the speed of the forward car shall be given by the driver. Here, the defendant, without warning and without necessity, suddenly stopped his car on the paving, knowing that plaintiff's car was following him at a distance of about 100 feet. From these facts and circumstances, the jury was warranted in finding that the defendant was guilty of negligence. We think, too, that the evidence was such as to show a causal connection between defendant's negligence and the injury to plaintiff. That was clearly a question of fact for the jury's decision. Anderson v. Asphalt Distributing Co., Mo.Sup., 55 S.W. 2d 688, 86 A.L.R. 1033; Gillis v. Singer, Mo. App., 86 S.W.2d 352; Setzer v. Ulrich, supra.

■ It is next urged that plaintiff was guilty of such contributory negligence as to preclude recovery. Her seventeen year old son was driving her car on her authority and by her direction. Negligence, if any, was therefore inputable to her. Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21. The evidence, as has already been observed, shows that he was looking straight ahead down the highway at the time just prior to the accident. As the cars approached the scene of the accident he was approximately 100 feet behind defendant's car. Then suddenly he realized that he was only about 40 feet from defendant's car, and the defendant's car, without warning, abruptly stopped. He had followed defendant at a distance of 100 feet for about a mile. Defendant's slowing down would not necessarily be immediately perceptible, but when he saw defendant's car suddenly stop without warning or signal, he took his foot off the accelerator and applied his brakes. He attempted to turn aside to the left, but could not avert the collision. He testified: "I took my foot off the accelerator, and put it on the brake, and at the same time I started to swerve, but it was too close. I couldn't do it." The plaintiff could not be charged with contributory negligence for failing to anticipate negligence on the part of the defendant. Plaintiff's driver had a right to assume that the defendant would not stop suddenly on the highway immediately ahead of him,

without giving the required warning signal. Wheeler v. Breeding, Mo.App., 109 S.W.2d 1237; Scott v. Kansas City Public Service Co., Mo.App., 115 S.W.2d 518; Smith v. Producers Cold Storage Co., supra. Plaintiff's driver was suddenly confronted with a perilous situation through the negligence of defendant. In such circumstances, he could not be strictly held to do the wisest possible thing, nor was he required to possess or exercise infallible judgment. Golden v. Onerem, Mo.App., 123 S.W.2d 617; Frankel v. Hudson, 271 Mo. 495, 196 S.W. 1121; Mayne v. May Stern Furniture Co., St.L.Ct.App., Mo.App., 21 S.W.2d 211; Proctor v. Jacob Ruppert, Mo.App., 159 S. W.2d 328. The driver testified that after he realized the peril, he tried to avoid the collision by swinging to the left but could not do so in time. He may well have hesitated to swing abruptly to the left because of the possibility of meeting oncoming traffic. He could not see over the brow of the hill to the south, and at the time of the collision his car was just starting to go up the hill. As said by the Supreme Court of Missouri in Frankel v. Hudson, supra [271 Mo. 495, 196 S.W. 1123]: "One in peril through the negligence of another is not, as a matter of law, guilty of contributory negligence if, in attempting to escape, he errs in judgment and moves in the wrong direction."

In Mayne v. May Stern Furniture Company, supra [21 S.W.2d 213] the St. Louis Court of Appeals, in considering a contention that plaintiff was guilty of contributory negligence, among other things, said: "The law of negligence has always recognized that, where one is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, he will not be held to the same accuracy of judgment as would be required of him if he had time for deliberation * * *."

But it is urged that plaintiff ought not to recover because her car was being driven at an excessive rate of speed and was following too closely behind defendant. Section 7775, Revised Statutes of Missouri, Mo.R.S. A. § 8383, is relied upon. This statute provides: "* * * that a rate of speed in excess of twenty-five miles an hour for a distance of one-half mile shall be considered as evidence, presumptive but not conclusive, of driving at a rate of speed which is not careful and prudent, but the burden of proof shall continue to be on the prosecution to show by competent evidence that at the time and place charged the operator was driving at a rate of speed which was not careful and prudent, considering the time of day, the amount of vehicular and pedestrian traffic, condition of the highway and the location with reference to intersecting highways, curves, residences or schools."

This statute states a rule to govern in criminal prosecutions, but its provisions may also be invoked in civil actions. Roper v. Greenspon, 272 Mo. 288, 198 S.W. 1107, L.R.A.1918D, 126. The Act does not fix a definite maximum speed limit, nor does it provide that exceeding the limit fixed is negligence per se. It simply provides that there is a presumption that driving at a rate of speed in excess of twenty-five miles an hour is not careful and prudent. The presumption, however, is a rebuttable one, and the statute itself provides that the burden still continues upon the prosecution to show that at the time and place charged the operator was driving at a rate of speed which was not careful or prudent, considering all the circumstances named in the statute. The jury may well have concluded that the defendant here had not met the burden of showing that the plaintiff was driving at a rate of speed which was not careful and prudent under the circumstances disclosed by the evidence. The highway was straight, in good condition, and there were no pedestrians upon it and apparently but few vehicles. But if it be conceded that driving at a speed exceeding twenty-five miles an hour was evidence of negligence, this alleged negligence had no causal connection with the accident. There was no presumption that the accident was caused by excessive speed. Howard & Brown Realty Co. v. Berman, 212 Mo.App. 401, 245 S.W. 606; Larsen v. Webb, 332 Mo. 370, 58 S.W.2d 967, 90 A. L.R. 67. In Howard & Brown Realty Co. v. Berman, supra [212 Mo.App. 401, 245 S. W. 609], it was claimed that the plaintiff was violating the city speed ordinance at the time of the accident and hence could not recover. In the course of the opinion the court said: "The fact that a car is run at a rate of speed prohibited by an ordinance * * * raises no presumption that the injury was caused by such excessive speed."

We are satisfied that the question of plaintiffs' contributory negligence was, under the evidence, a question for the determination of the jury and not the court. The question was submitted to the jury, and the jury's verdict is conclusive on the defendant.

490

The refusal to give defendant's requested instructions requires no extended consideration. Instruction number 2 asked the court to charge that defendant's stopping his automobile as close to the right hand side of the paved highway as practicable did not violate Section 7777, Revised Statutes, Missouri, subdivisions (a) and (b). Defendant could conveniently and safely have driven his car off the paved highway onto the right shoulder, and hence it was practicable for him to have done so; at least, the jury might have so found. We have already disposed of this contention adversely to the views of the defendant. Requested instruction number 3 was intended to cover the claimed duty of plaintiff's driver to have seen defendant's car as it was stopped on the pavement in time to have avoided colliding with it. This contention has also been disposed of in our consideration of the ruling of the court denying defendant's motion for a directed verdict.

We conclude that the record discloses no prejudicial error, and the judgment appealed from is therefore affirmed.