### GITTINGS et al. v. LOPER.

(Circuit Court, E. D. Pennsylvania. November 27, 1897.)

### No. 5.

1. PLEADING—STATEMENT OF CLAIM—DENIAL OF ANTICIPATED DEFENSE.
   It is not a legitimate function of a statement of claim to reply to an anticipated affirmative defense.

2. PLEADING—AFFIDAVIT OF DEFENSE—CONTENTS OF SAME.
   Where, in a suit brought upon two drafts, the plaintiffs' statement of claim avers that the drafts were purchased by the plaintiffs "prior to the date of the payment thereof, and for a valuable consideration, without notice," it is not incumbent upon the defendant to reply to such irregular and premature matter in his affidavit of defense.

This is a suit to recover the sum of $3,000 upon two drafts in the possession of the plaintiffs. The statement of claim alleged that the drafts had been purchased by the plaintiffs "prior to the date of payment thereof, and for a valuable consideration, without notice of any adverse claim or equity of the defendant." The affidavit of defense, after setting out that the acceptance by the defendant of the drafts had been procured by means of false and fraudulent representation, alleged that the defendant "is advised that the averment in the statement that the plaintiffs purchased the drafts for a valuable consideration, without notice, is an averment of a legal conclusion, and not a statement of fact requiring a denial, and, moreover, relates to matter of rebuttal, which need not be denied by the affidavit of defense." This was a rule upon the defendant to show cause why judgment

should not be entered in favor of the plaintiffs and against the defendant for want of a sufficient affidavit of defense.

Daniel J. Myers, for plaintiffs.

J. Howard Gendall, for defendant.

DALLAS, Circuit Judge. If this affidavit shall be supported by evidence, the burden will be shifted to the plaintiffs to establish that they took the paper in suit without notice of the fraud alleged, before maturity, and for value. Investment Co. v. Russel, 148 Pa. St. 496, 24 Atl. 59; Simons v. Fisher, 17 U. S. App. 1, 5 C. C. A. 311, and 55 Fed. 905. This burden cannot be evaded by the averment that the plaintiffs purchased the drafts "prior to the date of the payment thereof, and for a valuable consideration, without notice." It is not a legitimate function of a statement of claim to reply to an anticipated affirmative defense, and it is not incumbent upon a defendant to rejoin to any such irregular and premature replication. If this were not so, a plaintiff might defeat such a defense as is interposed here, by merely alleging the existence of the facts necessary to avoid it, and so escape from the requirement that he shall overcome it, if proved, by exculpatory evidence. If the plaintiffs are bona fide holders, they can readily show it; but the defendant may not have knowledge, or be informed, upon the subject, and to require him to make affidavit respecting it would be neither reasonable nor fair. The rule for judgment is discharged.