**PARDEE CO. v. AUSTIN.**

No. 6304.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1932.

Aubrey M. Pyburn, of Shreveport, La., for appellant.

Geo. M. Wallace, of Baton Rouge, La., J. Rush Wimberly, of Arcadia, La., and J. P. Wallace, of Shreveport, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, the wife of defendant's tenant, sued for injuries received by her as the result of defective steps leading from the back porch to the back yard of the premises which she, with her husband, occupied. Trial before the court without a jury resulted in judgment in her favor. Defendant appeals, assigning as errors the overruling of the exception of no cause of action and the failure to find plaintiff contributorily negligent.

The District Judge thought, and we agree with him, that the contention that the petition did not in substance allege that on the 4th day of July, when the accident occurred, plaintiff and her husband were occupying the premises in right of her husband's tenancy, was an over-refinement in verbal niceties, and that it sufficiently appeared that plaintiff was rightfully on and in the use of the premises when she received her injuries. He also concluded, as we do, that, though it appears from the petition that plaintiff knew the steps were defective, it does not at all appear therefrom that the cause of plaintiff's injuries was her contributory fault. There was no error in overruling the exception of no cause of action.

■ The other point that the proof, taken in the light of plaintiff's admission on cross-examination, "You were habitually afraid those steps would collapse?" "Yes sir," compelled a finding that plaintiff's own contribu-

tory negligence had relieved defendant from the consequences of its fault, though it has superficial plausibility, will, we think, upon examination be found to be possessed of no greater merit.

■ Whether one who sues a negligent defendant has been himself negligent so that his own negligence, rather than that of the defendant, is the legal cause of the injury, that is, whether the plaintiff has been guilty of contributory negligence, thus debarring recovery, is usually and ordinarily a question of fact, and it is only in clear cases of unquestionable contributing fault that conduct may be as a matter of law, characterized as contributorily negligent.

Typical of these extreme cases are those where a plaintiff has two clear choices, one known to him to be safe, the other known to him to be fraught with peril. Some courts deny recovery where plaintiff chooses the perilous way, on the ground that he is contributorily negligent as a matter of law. Other courts holding to the view that contributory negligence is always a question of fact for the jury state such a case as one in the nature of assumed risk, calling for the application of the maxim "volenti non fit injuria"; that is, that not defendant's fault, but the plaintiff's own voluntary choice, has caused his injury.

■ No case has held where, as here, the landlord has furnished only one way to go, that the fact alone that occupants of the leased premises used that way, even though they knew it to be defective, would defeat recovery. On the contrary, the law is that in such case, the landlord having furnished that way to go, occupants of the premises may use it, exercising care for their safety, and that it is a question of fact whether such care was used. Home Realty Co. v. Carius, 189 Ky. 228, 224 S. W. 751; Roman v. King, 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263.

■ It is settled law in Louisiana that the landlord owes a duty of care, in relation to the premises let, to persons rightfully coming thereon and using them. Klein v. Young, 163 La. 59, 111 So. 495; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670, 671; Frank v. Suthon (C. C.) 159 F. 174; Hero v. Hankins (C. C. A.) 247 F. 664, and that it must be determined as a fact in each such case whether plaintiff was contributorily negligent, Wise v. Lavigne, 138 La. 218, 70 So. 103; Cristadoro v. Von Behren's Heirs, 119 La. 1025, 44 So. 852, 17 L. R. A. (N. S.) 1161; Ciaccio v. Carbajal, 142 La. 128, 76 So. 583; Davis v. Hochfelder, 153 La. 183, 95 So. 598; c/f Grand Trunk R. Co. v. Ives, 144 U. S. 417, 12 S. Ct. 679, 36 L. Ed. 485.

To the District Judge, acting as a jury, the facts were verbally told. He saw the witnesses and heard them testify. He was thus enabled to draw at first hand conclusions from the whole matter as to how it in fact stood, as distinguished from some of the things that were said about how it stood. He was in a position to determine, as he did, the real substance of the part which defendant's conduct and that of plaintiff's, as distinguished from some of the things they said about it, played in causing the injury. Especially was he in a position to do what he said in his opinion he did do, discount the extravagant statements of plaintiff, both in the pleadings and in evidence, as to the utter depravity of the steps, and find that, though there was a defective condition there due to the negligence of defendant, of which plaintiff knew, plaintiff, having the right, in the exercise of care, to use these steps, furnished by the owner for that purpose, was not, at the time of her injury, contributorily negligent in doing so.

The judgment is affirmed.