Julia T. CELLINI, Appellant,

v.

Edward K. MOSS, Appellee.

No. 12808.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1955.

Decided April 5, 1956.

Mr. David A. Scott, Washington, D. C., for appellant.

Mr. Robert E. Anderson, Washington, D. C., for appellee.

Mr. Charles C. Collins, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Plaintiff-appellant brought this action to recover for injuries alleged to have resulted from hitting her head against the windshield of defendant's car when defendant, whose passenger she was, stopped his car suddenly to avoid collision with a car in front. Defendant sought summary judgment, chiefly on the basis of the following affidavit:

"Edward K. Moss, being first duly sworn on oath deposes and says as follows:

"That he is the defendant in the above entitled cause.

"That on the 5th day of March, 1954, I was proceeding north on Wisconsin Avenue in the left lane of traffic nearest the center of Wisconsin Avenue. At which time the plaintiff, Miss Julia T. Cellini, was a passenger in the right front seat of my car. I stopped for a red light at the corner where the Giant market is located, which is the intersection of 'W' Street. When I stopped at the red light, there was one car two or three feet directly ahead of me headed north. When the light turned green, the car ahead moved ahead slowly awaiting an opportunity to make a left turn. He started out slowly and was turning to his left. He then stopped, waiting for Southbound traffic to clear. I stopped also. He started ahead again to make his left turn and I started also. He stopped suddenly again for no reason that was apparent to me and in order to avoid hitting him, I stopped suddenly. There was no contact between my car and the car ahead of me. I then noticed that Miss Cellini had struck her head on the windshield of my car and in the meantime, the preceding car pulled away.

"Further deponent sayeth not.
"s/ Edward K. Moss"

Defendant also submitted plaintiff's deposition, which did not in substance add to or vary from the foregoing, except that plaintiff said she thought that the car ahead made an unexpected turn back into traffic after it had begun to make a left turn. Plaintiff also asserted, in response to a question as to how defendant had been negligent, that if he had been far enough away from the car in front he would not have had to apply his brakes. She did not, however, state what the distance had been between the cars, and was generally unable to supply any details about the accident. Plaintiff did not offer any affidavits, but urged that defendant's showing was not sufficient to deprive plaintiff of a jury trial. The District Court granted defendant's motion for summary judgment, and this appeal followed.

Even where there is a rear-end collision, the driver of the second car is not necessarily negligent. Cardell v. Tennessee Electric Power Co., 5 Cir., 1935, 79 F.2d 934, 936–937; Cook Paint & Varnish Co. v. Hickling, 8 Cir., 1935, 76 F.2d 718; Cram v. Eveloff, 8 Cir., 1942, 127 F.2d 486; Mandro v. Vibbert, 4 Cir., 1948, 170 F.2d 540. Clearly, a sudden stop short of a rear-end collision does not invariably involve negligence by the driver of the second car. But it does not follow that there can be no negligence in such a case, in respect of an injured passenger. Defendant's affidavit is silent as to numerous facts which might be relevant in a determination of the issue of negligence *vel non*. We are not told, for instance, his speed before he applied the brakes, the distance between his car and the car in front before the latter stopped, or whether he had an unobstructed view beyond the car in front so that he could reasonably infer that there was nothing in the way of that car. If the case were tried, defendant's answers on these points might be such as to justify a jury determination that he was negligent.

It is true that plaintiff's deposition does not make any assertion as to these matters. If, as one must on defendant's motion for summary judgment, one takes plaintiff's deposition as true and reads it in the light most favorable to plaintiff, it appears that plaintiff was not paying full attention to the driving situation and was rendered unconscious by the impact:

"Q. But it was necessary for him to make a sudden stop to avoid coming in contact with this car; is that right? A. Well, I wasn't driving. I don't know.

*     *     *     *     *     *

"Q. Could you estimate for us the speed of the car driven by Mr. Moss as he proceeded forward from the stopped position? A. No, I couldn't.

"Q. Was there anything unusual about it? A. I just don't remember. I completely blacked out and I'm not going to try to make statements that I cannot truthfully say, 'Yes, that is exactly the way it was.'"

Therefore, any information as to the cause of the accident must come from defendant.

■ A driver has a duty to observe relevant conditions of the road; a passenger generally does not. Thus, though this is not, strictly speaking, a situation where the facts are peculiarly within the knowledge of the defendant, cf. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471, we think similar considerations should apply: since the essential facts must come exclusively from defendant, plaintiff should have the opportunity to put the defendant on the stand at a trial. Nor, in a case of this sort, should plaintiff's failure to file a counter-affidavit "compel acceptance as true of facts alleged in the movant's affidavits." Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753, 759. Compare Garrett Biblical Institute v. American University, 1947, 82 U.S. App.D.C. 265, 267, 163 F.2d 265, 267.

Summary judgment is a useful device for disposing of meritless tort claims. But since on a trial of this case plaintiff may be able to elicit from defendant facts which defendant had a duty to observe and plaintiff did not and which may prove plaintiff's case, and since defendant's demeanor on the stand in testifying on these matters may also lead to inferences favorable to plaintiff,[1] we cannot conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P., 28 U.S.C.A. Accordingly, the judgment must be vacated and the case remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

1. See Arnstein v. Porter, supra, 154 F.2d at page 471; Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.