Kenneth WHITE and Pollie L. White, Appellants,

v.

Harold E. LUBER, Appellee.

No. 2226.

Municipal Court of Appeals for the District of Columbia.

Submitted Aug. 11, 1958.

Decided Sept. 19, 1958.

Halcott A. Bradley, Washington, D. C., for appellants.

Solomon Grossberg, Irving B. Yochelson, Isadore Brill, and Alfred Burka, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

The trial court ordered summary judgment against defendants as makers of a second trust note, of which plaintiff claimed to be holder in due course. The judgment was granted after plaintiff had answered certain interrogatories, after pretrial, and after defendants had filed an amended answer. Defendants have brought the case here for review.

The complaint was in the usual form and recited that the payees of the note had endorsed it to plaintiff, that plaintiff was holder in due course and for value, and that the note was in default. The amended answer recited that the note had been given as part purchase price of a house they had bought through vendors' agent, Sidney J. Brown; that Brown had misrepresented the condition and value of the property "with such cunning and guile, that the defendants were fraudulently induced to execute this note"; also that they received no value for the note because Brown had later induced them to sell the property to him, he assuming the unpaid balance on the note. Defendants denied that plaintiff had paid "real value" for the note, and alleged on information and belief that plaintiff knew of Brown's misrepresentation when he acquired the note; they concluded their answer by stating, on information and belief, that

"* * * the plaintiff did not pay any ascertainable value for said note, or, if a purchase were made by plaintiff, it was with such excessive discount that plaintiff had knowledge or should have had knowledge of the failure of

consideration therein to these defendants."

Defendants brought Brown into the case as third party defendant by a complaint which charged that in 1949 he had willfully, maliciously and fraudulently induced them to purchase another house and to sell him (Brown) this one, Brown agreeing to assume and pay the outstanding first and second trusts (the second trust being the one covered by the note involved in this suit), and relieve them (these defendants) of liability on the notes; that in violation of such agreement Brown defaulted and the second trust was foreclosed, resulting in a deficiency which became the subject matter of this suit.

Later defendants also obtained leave to bring in the payees of the note (Sherr and Schloss) as additional third party defendants and charged that such payees had full knowledge of the agreement made in their behalf by their agent Brown, but later repudiated it.

■ Though summary judgment is covered by Municipal Court Civil Rule 56, the briefs on this appeal do not discuss that Rule, or the decisions construing it or its counterpart, Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. There are, of course, many such decisions, among them Cellini v. Moss, 98 U.S.App.D.C. 114, 232 F.2d 371; Dewey v. Clark, 86 U.S.App. D.C. 137, 180 F.2d 766; Turek v. Yellow Cab Co., D.C.MunApp., 131 A.2d 923; Smith v. Leventhal, D.C.Mun.App., 97 A.2d 139; Bowles v. Marsh, D.C.Mun.App., 82 A.2d 135.

These decisions, like many others, establish the basic approach to summary judgment procedure, which is that on motion for such judgment all doubts as to genuineness of fact issues and all inferences are to be resolved against the movant, and once it appears that there is a genuine issue of fact, summary judgment may not be awarded.

■ Dealing specifically with cases like this, where one party has exclusive or peculiar knowledge of the crucial facts, the courts have taken the altogether reasonable view that such party, rather than his opponent, should not only do the disclosing but also be subjected to cross-examination. Thus, in Cellini v. Moss, supra, it was said that because the essential facts must come exclusively from defendant, plaintiff should have the right to put him on the stand, and that defendant's demeanor may lead to inferences favorable to plaintiff, and hence summary judgment was improper. Citing Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

■ It has also been held that where facts were peculiarly within the knowledge of the defense and a matter such as good faith was involved, summary judgment should not be granted on the basis of a defense affidavit (though no counteraffidavit was filed), and that plaintiff was entitled to cross-examine opponent's witnesses and have the trial court observe their demeanor. Alvado v. General Motors Corporation, 2 Cir., 229 F.2d 408, certiorari denied 351 U.S. 983, 76 S.Ct. 1050, 100 L.Ed. 1497.

■ Where a jury would not be bound to decide one way, "the triers of fact whose business it is not only to hear what men say but to search for and find the roots from which the sayings spring, should be afforded full opportunity to determine the truth and integrity of the case." Loudermilk v. Fidelity & Casualty Co. of New York, 5 Cir., 199 F.2d 561, 565. This view has been emphasized by disapproving summary judgment when such factors as motive, intent and conscience were "necessary instruments in obtaining truth." Subin v. Goldsmith, 2 Cir., 224 F.2d 753, certiorari denied 350 U.S. 883, 76 S.Ct. 136, 100 L.Ed. 779; Alabama Great So. R. Co. v. Louisville & Nashville R. Co., 5 Cir., 224 F.2d 1, 5.

■ We agree with appellants that summary judgment was improperly granted in this case. They challenged plaintiff's status as a holder in due course or for value. They branded Brown's connection with the transaction as maliciously fraudulent and brought him into the case as a defendant. They also brought in the payees of the note. They charged plaintiff (albeit on information and belief) with foreknowledge of the tainted character of the note and of Brown's fraud, and averred that plaintiff had acquired the note at a discount so excessive as to put him on notice that there was a failure of consideration as to them.

In plaintiff's responses to written interrogatories he said, among other things, that he bought the note in 1950 (about two years after its execution); that he did not know who owned the property at the time or whether the first trust was then current or in arrears; that there was a balance of about $3,400 then due on this note; that he paid "about $2,141.72" for the note, which was one of a group of notes he bought from the same holders and "it is difficult to put the exact cost on this note"; that he "believed" he paid for it by check, being either his personal check or that of his company; that he bid at the foreclosure sale, and that the successful bidder was his wife.

We do not say that these circumstances are necessarily suspicious. But we do say that when considered alongside defendants' allegations and denials, and tested by the rules above cited, it is by no means clear what the truth is, and by no means safe to say that defendants could not possibly prevail at a trial on the merits, with plaintiff (and probably others as well) subjected to examination and cross-examination in open court.

As was said years ago, if a plaintiff is a bona fide holder he can readily show it; but a defendant may not have knowledge or be informed on the subject, and to require

him to "make affidavit" or adduce advance proof on the subject would be neither reasonable nor fair. Gittings v. Loper, 3 Cir., 84 F. 102.

█ It must be remembered that under Code, § 28–409, if defendants succeed in showing that "the title of any person who has negotiated the instrument was defective," the burden would then be on plaintiff to show that he acquired the title as a holder in due course. And unless the circumstances prove to be such that reasonable men could draw only one inference from them, the question of whether plaintiff is a holder in due course will be for the trier of facts. Zier v. Eastern Acceptance Corporation, D.C.Mun.App., 61 A.2d 106.

Reversed and remanded.