Lee J. LOPEZ, Appellant (Plaintiff below),

v.

AMERICAN NATIONAL BANK OF CHEYENNE, Wyoming, Appellee (Defendant below).

No. 3171.

Supreme Court of Wyoming.

Feb. 4, 1964.

Robert L. Duncan and Tosh Suyematsu, Cheyenne, for appellant.

Swainson & Swainson, Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff sought damages for injuries sustained when he walked into and shattered a glass panel next to a glass double-door entrance of defendant's bank. At the close of plaintiff's case, the court directed a verdict in favor of defendant. When that verdict was returned, judgment was entered thereon, and plaintiff appealed to this court.

. The reasons relied upon for reversal are: (1) defendant's failure to conspicuously mark and indicate the existence of the glass panel adjoining the entrance to the bank; (2) defendant's failure to securely install the glass panel; and (3) defendant's "leading the unwary" into colliding with the glass panel and confusing appellant by the "off alignment of the inner and outer glass doors and handrails." Appellant insists it was defendant's duty to provide safe egress for its business invitees and claims this duty was violated. In addition, appellant says the court erred in taking the case from the jury because the court had not viewed the accident premises that the jury had been permitted to see, and consequently the evidence thus given the jury had not been viewed by the judge himself.

It appears from the evidence given by plaintiff that on the day of the accident he passed through the glass double-door entrance to the bank, on each side of which was a glass panel approximately 40 inches by 10 or 12 feet in heighth, cased in aluminum frames; then he stepped down two steps, went through some inner glass doors, transacted his banking business, started out the inner glass doors, evidently decided to check whether he had sufficient time to transact business at a jewelry store so returned into the bank through the inner door, looked at the clock and saw he had time to get to the jewelry store, so he again went out through the inner doors, ascended the two steps, took two 30-inch steps, "felt something with my cap move like that," then jumped back; and that glass was all over him and over the place. Plaintiff was about

30 inches from the glass panel when it broke. It fell on his hand and he noticed he had a cut on it. He further said *he had seen the glass panels,* one on each side of the door, when he went into the bank and knew there was a glass panel there when he walked into it.

The jury was permitted a view of the accident premises but the record does not show the judge accompanied them.

Appellant calls attention to Shannon v. Broadway & 41st Street Corporation, 272 A.D. 1029, 73 N.Y.S.2d 711, affirmed 298 N.Y. 589, 81 N.E.2d 324, where a patron walked through a plate glass window and was injured. A memorandum of the court said, "The jury was free to find that the passageway, partitioned by the glass, had been used freely, prior to the accident, as an entrance and an exit during the summer, and that the glass was not made visible by posters or any other device to one using the passageway," and the judgment in plaintiff's favor was affirmed. There was no opinion.

However the brief memorandum was concurred in by one acting and two intermediate appellate judges, but dissented from by two other judges of the same court. It has little if any persuasive weight supporting appellant's position that there rested upon defendant here a duty to conspicuously mark and indicate the existence of the glass panel adjoining the bank's double-door entrance. Also, it may not be overlooked that plaintiff, upon cross-examination, admitted he knew there was a glass panel there and that he walked into it. Even had there been a duty on the part of the bank to give some type of special warning to its business invitees that the two, plainly indicated, glass entrance-doors had glass panels on either side of them, plaintiff said he knew the panel was there. This knowledge on plaintiff's part obviated the need for any warning being given so far as the appellant was concerned.

As to appellant's point 2, plaintiff adduced no evidence whatsoever to support its claim that defendant had failed to securely install the glass panel. It is pure speculation to assume that because the glass panel shattered and fell after plaintiff hit it with his head, that this was due to faulty installation. It would be as permissible to infer that the breakage of the glass panel resulted from the excessive force of plaintiff's collision with the glass occasioned by his attempt to exit from the building in haste so as to transact his business at the jewelry store. Similarly, point 3 unfairly assumes that the over-all arrangement of the entrance facility to the bank, which consisted of glass double-doors with five handrails provided to assist in using the steps down to the bank level where there were glass inner doors, as described by plaintiff himself, was of such nature as to lead the unwary into colliding with the glass panel adjoining the outer double-doors and to confuse the appellant by a slight "off alignment" of inner and outer glass doors and the handrails. Again the use of these facilities by the plaintiff only a few minutes before his accident gave the plaintiff ample notice and "awareness" of the condition of the entire entranceway. No failure of duty to provide appellant as a business invitee with a safe and reasonable egress from the bank is found.

Finally, whatever merit there might otherwise have been in appellant's contention that the court could not fairly direct a verdict in favor of defendant when the judge had not by view witnessed all of that which was given for the jury's consideration is rendered moot in the face of the plaintiff's admission respecting his knowledge concerning the panel. This left nothing for the jury to decide. See Casper Lodge No. 22, I. O. O. F., of Casper, Wyo. v. Corbridge, 74 Wyo. 244, 286 P.2d 1047, 1054, which cites Erickson v. Hudson, 70 Wyo. 317, 249 P.2d 523, and quotes from Cannon v. Neuberger, 1 Utah 2d 396, 268 P.2d 425, 427, to the effect that the evidence in that case was sufficient to sustain the judgment independent of the trial judge's view of the premises. While the parallel between the present case and the Cannon

case is far from complete, where the plaintiff admitted a knowledge of the condition of the entranceway, the court had before it sufficient to warrant its direction of a verdict independent of the fact that the judge had not viewed the premises the same as the jury.

Finding no error, the judgment of the lower court is affirmed.

Affirmed.