Robert FITZSIMONDS, Appellant
(Defendant below),

v.

Bertha K. COGSWELL, Appellee
(Plaintiff below).

No. 3416.

Supreme Court of Wyoming.

Sept. 22, 1965.

John Harrington, of Hettinger, Leedy & Harrington, Riverton, for appellant.

G. L. Spence, Riverton, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a negligence case involving an intersection collision between two automobiles in Riverton, Wyoming. Trial was had to the district court without a jury. From a judgment awarding Bertha K. Cogswell, plaintiff, a judgment in the amount of $7,-500 for personal injuries, Robert Fitzsimonds, the defendant, has appealed.

Two grounds of appeal are asserted. They are: (1) The evidence establishes (without substantial contradiction) that plaintiff was guilty of contributory negligence; and (2) there was insufficient evidence to sustain the amount of the award.

### Question of Liability

There is no denial that, according to the evidence favorable to Mrs. Cogswell, she had the right-of-way in the intersection. She was traveling north and Fitzsimonds was traveling east, which means Mrs. Cogswell was on the right; and if as her testimony showed, she entered the intersection first or at approximately the same time as Fitzsimonds did, she is given the right-of-way by law. See § 31–118, W.S.1957.

Actually, reliable testimony offered on behalf of and favorable to Mrs. Cogswell tended to show she entered the intersection before Fitzsimonds did. It is very doubtful that there was any evidence at all from which it could be inferred that she did not enter the intersection at least approximately at the same time as Fitzsimonds did, if in fact she was not first.

Appellant's theory is that Mrs. Cogswell did not look for oncoming traffic before entering the intersection and that this makes her guilty of negligence, which bars her recovery. In support of this theory, Fitzsimonds points to his own testimony and to the testimony of one other witness, both of whom testified Mrs. Cogswell did not look. It is also argued that if Mrs. Cogswell had looked she would have seen the defendant's vehicle.

Of course, the court was entitled to believe the testimony of Mrs. Cogswell that she looked both ways at a certain point marked on a map, which was just before she entered the intersection, and that she saw no car coming. Moreover, the court was entitled to disbelieve defendant and would perhaps have been justified in so doing on the ground that, if defendant saw Mrs. Cogswell entering the intersection without looking, he should not have run into her broadside. The court was also entitled to discount the testimony of the other witness who said Mrs. Cogswell did not look, because of the lack of vantage point which the witness had. The witness testified she saw the accident while watching out a window in her home, which was approximately a half block away.

But the argument made by defendant fails most noticeably because it is based upon his own theory as to how the accident happened and not upon plaintiff's theory, which the court probably accepted. The plaintiff's theory is that defendant was traveling at least 40 miles an hour in a school zone where speed is limited to 15 miles per hour, and that plaintiff was going 15 to 20 miles per hour.

There seems to be no dispute as to plaintiff's speed, and there was ample evidence from which the speed of defendant could be inferred to be what plaintiff claims. Not only did witnesses testify defendant was going 40 miles per hour, but there was physical evidence such as the damage which resulted to the cars. Also, the defendant left skid marks for a distance of 44 feet before the collision; the impact itself was still sufficient to knock plaintiff's vehicle 41 feet sideways; and defendant's vehicle skidded an additional 23 feet.

If the two vehicles were traveling at speeds of approximately 40 miles an hour for defendant's and 15 or 20 miles an hour for plaintiff's, then it could be inferred that when plaintiff looked for oncoming cars the defendant was so far to the west that his automobile would not have been seen by plaintiff, on account of a house at the corner and an automobile parked on the street in front of the house. The police chief who investigated the accident testified to this situation and said the house made the corner a bad one and that the parked automobile would have a tendency to block Mrs. Cogswell's view.

We scarcely need to repeat the proposition that the question of negligence and the question of contributory negligence are both for the trier. See McDowall v. Walters, Wyo., 360 P.2d 165, rehearing denied 361 P.2d 528; McClure v. Latta, Wyo., 348 P.2d 1057, 1062; and Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796, 800. This being so, it was for the trial judge to decide whether Mrs. Cogswell, under the circumstances of this case, was negligent in not seeing defendant.

It can easily be inferred she saw far enough down the street to her left to take in any vehicle which could enter the intersection before she cleared it, if traveling within the lawful speed limit. Was that enough for ordinary care, or should she have looked for a vehicle as far back as defendant was? That was for the trial judge to determine, and we will not disturb his finding. Explicit in that finding is the

inference that Mrs. Cogswell exercised *ordinary care* in looking for cars on her left, or at least that defendant failed to prove otherwise.

### Damages

In connection with appellant's claim that the award of $7,500 for plaintiff's injuries was excessive and not supported by sufficient evidence, he has submitted in his brief a compilation of previous personal-injury cases which have been before this court, where the amount of the award has been in question.

■ We are sure counsel realizes there is no way of obtaining uniformity in the amount juries and trial judges may award for damages in personal-injury cases. All we can say is that the amount is within the sound discretion of the jury or trial judge who tries the case, and we will not disturb the award unless it is shown to be so excessive or unreasonable as to indicate passion or prejudice on the part of the trial court. Pan American Corporation v. Like, Wyo., 381 P.2d 70, 76.

In the case at bar there was testimony tending to show that as a result of the accident in question plaintiff, a 74-year-old woman, suffered severe and excruciating pain; that her injury was very painful; that she took medicines for the pain; and that her leg, side, groin, head, ribs, hip, and ankle were all injured, and one rib was broken. The testimony further showed plaintiff was unable to get her clothes on and off for weeks, was unable to bathe and had trouble getting in and out of bed, and up and down from chairs. She had a lump on her head the size of an egg, with residual, almost daily headaches. The whole left side of her body was black and blue, and her legs and an ankle were swollen.

There was additional testimony tending to show it was hard to walk and that plaintiff had severe headaches and backaches and received treatment from her doctor for five or six weeks. These complaints seem to have continued up to the time of trial, and at that time plaintiff was still taking pills.

Dr. Mohs, a physician, testified there was a degenerative arthritis of plaintiff's spine with resultant root pain, and that this had been aggravated by her injury in the accident. The doctor states that in his opinion, if the pain had not ceased by the time he was testifying, plaintiff would continue to have pain and discomfort.

No itemization was made by the court in connection with its award. We cannot therefore assume that any particular amount was allowed for an injury or disability not present. Appellant seeks to liken this case to the case of Blakeman v. Gopp, Wyo., 364 P.2d 986, 992–993; but there the court itemized the amounts awarded for particular injuries and we said no award could be made for a disability where no disability resulted. That situation is not present in this case.

■ There was an accident and plaintiff was injured. It cannot be denied she has suffered loss from the accident. There was testimony tending to show she has had substantial pain and suffering, and according to the physician who treated her she is left with a worsened physical condition and continuing pain and discomfort. The amount of damages was within the sound discretion of the trial court, and we cannot say there was an absence of evidence to support the award made.

■ What we said in Pan American Petroleum Corporation v. Like, supra, is particularly apropos here. The amount to be assessed for damages suffered by a plaintiff as a result of personal injuries is within the sound discretion of the trier of fact, unless the award is so excessive as to indicate passion or prejudice; and there is nothing in this case to indicate either passion or prejudice on the part of the trial judge.

Affirmed.