**Maureen M. Caldwell HAPE, Appellant (Plaintiff below),**

v.

**Isabella C. RATH, Appellee (Defendant below).**

**No. 3966.**

Supreme Court of Wyoming.

Jan. 17, 1972.

Rehearing Denied Feb. 16, 1972.

Edward P. Moriarity, of McClintock, Mai, Urbigkit & Moriarity, Cheyenne, for appellant.

Edward L. Grant, of Osborn & Grant, Cheyenne, for appellee.

Before McINTYRE, C. J., PARKER and McEWAN, JJ., and GUTHRIE, District Judge.

District Judge GUTHRIE delivered the opinion of the court.

Plaintiff in this case brought an action against defendant as her landlord for injuries sustained as the result of a fall caused by a slick and icy condition upon the steps leading to her apartment. At the conclusion of all the testimony the trial court directed a verdict for defendant and from that ruling plaintiff appeals. The parties will be hereinafter referred to as they appeared in the trial court.

Plaintiff contends that a duty arose on the part of defendant by virtue of an agreement to maintain these steps, and for the further reason that this was a common passageway or entryway. Defendant not only denies a duty, she further denies that she was in any manner negligent and asserts the defense of contributory negligence if it should be determined that she was in any manner negligent.

As is necessary in a proceeding of this character, the facts will be stated under the rule that all the evidence offered by the plaintiff is true and that all reasonable inferences favorable to the plaintiff must be indulged. Svalina v. Big Horn National Life Ins. Co., Wyo., 466 P.2d 1018, 1020; and Pangarova v. Nichols, Wyo., 419 P.2d 688, 690.

Plaintiff moved into the apartment on November 1, 1969, and the accident complained of occurred the evening of March 30, 1970. The apartment which she occupied was on the top floor of a building sometimes referred to as a "stacked triplex unit." The only entrance to her unit was by way of an outside stairway on the north side of the building ascending to the door with eight steps to a landing immediately outside the door. This top-area landing was boxed in and there was just enough room to open the door and go behind it to secure entrance to the said building. This entrance was on the same level as apart-

ment number 2, being immediately under plaintiff's apartment, and entrance could be made to this apartment from the north door. Plaintiff's apartment was reached by another set of inside stairs which ascended to her apartment. There was also from this entrance a set of descending stairs leading to the laundry room, which was for the use of the tenants.

On the day in question plaintiff with her two children returned to the apartment sometime after 3:20 p. m. Her car got stuck in the alley so she carried her two children from the car to the stairway. She set one of the children on the first step from the landing and while she still had the little boy in her arms, and was trying to reach for the door she slipped and fell down the stairs, suffering the injuries of which she now complains. The child was not hurt.

The steps in question tended to become icy when it snowed and there was what plaintiff described as a problem every time it snowed. During that period plaintiff swept the stairs with a broom when the snow piled up.

Upon leaving the apartment that morning plaintiff had noticed that the steps were icy and she had difficulty getting down. When she returned with the children that evening she noticed that the steps were about the same as in the morning and they did look dangerous to her.

There was some evidence that when plaintiff's sister, Mrs. Johnson, and her sister-in-law, Mrs. Mercer, first talked with defendant seeking to rent the apartment on plaintiff's behalf that defendant stated there would be no yard work or shoveling and that plaintiff's responsibility would be only to keep up the inside stairs. The sister at that time told defendant she was pleased plaintiff would have no snow shoveling or yard work. She told plain-

tiff's sister-in-law there would be "no yard work and snow shoveling in the winter would be taken care of." Defendant does not deny these statements but only says she does not recall them.

Plaintiff testifies further that twice during the period of her occupancy she called defendant about snow and ice on the steps and asked that they be cleared and defendant replied that "she would check into it or look into it." From the testimony of plaintiff, defendant did not deny the obligation to clear the steps at the time of these calls and this must necessarily be credited, considering the facts as we do.

The "slip and fall" cases heretofore considered by this court are of little or no help in resolving this case as they all involved falls in public places and none arose from a landlord and tenant relationship.[1]

█ It has been said that even in jurisdictions which follow the Massachusetts rule, which relieves the landlord from the duty of maintaining common passageways in a safe condition by removing snow and ice, the landlord may obligate himself to the duty by contract, express or implied, Maschoff v. Koedding, Mo.App., 439 S.W.2d 234, 236. See also Annotation 26 A.L.R.2d 610, 624. This court has held in German v. Holmes, Wyo., 459 P.2d 367, and the cases therein cited, that contributory negligence becomes a matter of law only in the clearest of cases. It would, however, appear from the factual situation herein that unless this involves some exception to the rules of contributory negligence set out in preceding Wyoming cases that plaintiff was guilty of contributory negligence as a matter of law.[2] However, the distinguishing factor in this case is that plaintiff was using the sole and only entrance and that this entrance or passageway might be used in common with the other tenants. That the rule is different under those circumstances is shortly and

1. LeGrande v. Misner, Wyo., 490 P.2d 1252; Kalman v. Western Union Telegraph Company, Wyo., 390 P.2d 724; Watts v. Holmes, Wyo., 386 P.2d 718, 719; Dudley v. Montgomery Ward & Co., 64 Wyo. 357, 192 P.2d 617.

2. Arbenz v. Bebout, Wyo., 444 P.2d 317; McKee v. Pacific Power & Light Company, Wyo., 417 P.2d 426.

clearly stated in the case of Pardee Co. v. Austin, 5 Cir., 58 F.2d 967, 968, wherein it is said:

> "No case has held where, as here, the landlord has furnished only one way to go, that the fact alone that occupants of the leased premises used that way, even though they knew it to be defective, would defeat recovery. On the contrary, the law is that in such case, the landlord having furnished that way to go, occupants of the premises may use it, exercising care for their safety, and that it is a question of fact whether such care was used. [Citing cases.]"

The statement appearing in Robinson v. Belmont-Buckingham Holding Co., 94 Colo. 534, 31 P.2d 918, 920, expresses a rationale applicable to the sole entry in our view, wherein it is said:

> "It is argued that plaintiff knew, or should have known, of the dangerous condition of the walk and that she therefore assumed the risk of using it, but we must differ. Even if she had such knowledge, it did not make her a captive in her room; she was obliged to leave the building to go to her work. * * *"

See also Schwab v. Allou Corporation, 177 Neb. 342, 128 N.W.2d 835; Roman v. King, 289 Mo. 641, 233 S.W. 161, 165, 25 A.L.R. 1263; Conroy v. Briley, Fla.App., 191 So.2d 601, 603, certiorari denied Fla., 201 So.2d 231; and Annotation 26 A.L.R.2d 610, 639–640, n. 9. It has also been said that even if lessee discovers the dangerous condition he does not necessarily assume the risk or become contributorily negligent in dealing with it. Prosser, Torts, p. 408, n. 13 (4th Ed.).

By virtue of the rental agreement and payment of her rental, plaintiff certainly acquired a right to enter and occupy and enjoy the apartment which she rented. The following appears in Restatement (Second), Torts 2d, § 473, p. 523 (1965):

> "If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably."

It would appear then from what has been said above that the record herein reveals that there are two questions for the jury and that they should determine under proper instruction if the defendant did assume the duty of maintenance of these stairs and if under the circumstances of this case plaintiff was contributorily negligent, or if plaintiff exercised reasonable care for her own safety under these conditions. The case must therefore be remanded for retrial pursuant to the above opinion.

Reversed and remanded for new trial.