No. 12249

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

CAROL LEA CAMPBELL,

Plaintiff and Appellant,

-vs-

BOZEMAN COMMUNITY HOTEL,
d/b/a BAXTER HOTEL,

Defendant and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Lyman H. Bennett, Jr. argued, Bozeman, Montana.

For Respondent:

Brown and Gilbert, Bozeman, Montana.
Gene I. Brown argued, Bozeman, Montana.

---

Submitted: September 27, 1972

Decided: OCT 2 6 1972

Filed: OCT 2 6 1972

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by plaintiff, Carol Lea Campbell, from a judgment for defendant, Bozeman Community Hotel, d/b/a/ Baxter Hotel in Bozeman, Montana, in an action for personal injuries brought by plaintiff in the eighteenth judicial district, county of Gallatin.

The undisputed factual situation giving rise to the action is that on May 7, 1971, plaintiff was a business invitee in the Baxter Hotel during the noon lunch hour and fell while descending a stairway in the hotel, sustaining a laceration on her right leg of approximately seven inches in length as a result of the fall.

The physical configuration of the hotel includes a dining room, lobby, and office on the first floor and a rest-room on the mezzanine. In the lobby was a stairway ascending to the mezzanine which was open to hotel patrons using the rest-room facilities. The steps of the stairway consisted of a flat hard surfaced stone material called "terrazo" with the leading edge of each step covered with a metal strip.

Plaintiff alleged that on the day of the accident, after completing lunch, she ascended the stairs to use the rest-room and upon returning down the stairway slipped at approximately the fourth stair from the bottom and fell the remaining four stairs, lacerating her right leg on one of the lower stairs.

Plaintiff alleged that due to defendant's negligent maintenance of the stairway she suffered damages for loss of wages in the amount of $283.50, medical expenses of $138.95, and further unspecified future medical expense which she anticipates; all of which totaled a demand in the amount of $5,422.45, plus costs.

Defendant's answer alleged that plaintiff's complaint failed to state a claim against the defendant and denied all allegations made by plaintiff.

A pretrial conference was held on November 29, 1971, resulting in a pretrial order dated December 17, 1971, which contained substantially the identical allegations of both parties with the single addition that defendant alleged the plaintiff was contributorily negligent. The issue of law thus set for trial was whether negligence of the defendant proximately caused plaintiff's injury and whether plaintiff was contributorily negligent.

Trial began on December 17, 1971, with a six man jury by agreement of the parties pursuant to section 93-1205, R.C.M. 1947. Trial was then adjourned until December 21, 1971, and on the same day it concluded with a jury verdict and judgment for defendant, Baxter Hotel. Plaintiff appeals from that verdict and judgment.

Appellant raises these issues on appeal:

1. Was the jury entitled to disregard the undisputed testimony of plaintiff and her witnesses that plaintiff as a business invitee in the hotel operated by the defendant caught her heel while descending a stairway open for her use as such business invitee because of a projection of a metal strip not open to observation and of which she was not warned by defendant and as a result injured herself?

2. Was the plaintiff entitled to a verdict in this action?

3. Did the court err in denying plaintiff's motion for directed verdict at the close of all the evidence in this case?

4. Did the court err in denying plaintiff's motion for new trial in this action?

In the evidence plaintiff produced at trial she attempted to establish the existence of a defective or hazardous stairway. Plaintiff's claim was predicated upon the theory that the metal strip on the stair was raised and her heel caught on that metal

strip, causing her to fall. Plaintiff drew a picture to illustrate to the jury how her heel caught on the metal strip. She also physically demonstrated to the jury the manner in which she descended the stairs and how her heel caught on the metal strip.

The testimony of plaintiff's witness, Mrs. Fred Davis, who had accompanied plaintiff on the day of the accident, was offered to show that the mother of Mrs. Davis had, on one or two occasions, caught her heel on the stairway in question. Defendant, on cross-examination of Mrs. Davis, developed evidence that the mother of Mrs. Davis was elderly. Mrs. Davis testified:

"I will be very honest with you. My mother liked
to wear very high heels and a little higher than
for her age, and I was concerned about her. She
had stumbled a couple of times, so I was concerned
for myself."

Defendant's evidence chiefly involved the testimony of its sole witness, Duncan MacNab, a professional photographer. In addition to photographs of the stairs, MacNab used a straight-edge yardstick in the taking of one photograph to show that the metal strip was not raised. In his testimony, MacNab supported and explained the use of the straight-edge yardstick in taking the photograph. He testified the metal strip on the stair was not raised.

Plaintiff argued at trial, and on appeal, that the photographs and testimony of MacNab pertained to the condition of the stairs in November 1971 when the pictures were taken and again on December 16, 1971, the day before the trial, when MacNab had again investigated the stairs. Plaintiff argues that no evidence was offered by defendant as to the condition of the stairway on the date of the accident, therefore, the testimony of Mrs. Davis and of plaintiff remains undisputed.

From an examination of Mrs. Davis' testimony, it is apparent that she did not see a raised metal strip as she descended the stairs in front of plaintiff and the only testimony that she could offer in regard to the stairway was concerning her mother's experience with the stairway on other occasions.

Plaintiff's direct testimony was that she caught her heel on the metal strip which she said extended above the stair surface but was not noticeable as she descended the stairway. On cross-examination, she testified she never saw the raised metal strip before her fall and corrected the answer she had originally given in deposition testimony. She also testified she did not examine the stairs after she fell, and then admitted she never did actually see that the metal strip was raised. Finally, upon rebuttal testimony and recross-examination, she testified:

"Q. Now, with respect to the fall that you had in the Baxter Hotel on May 7 this year, was there or was there not something that caused you to trip and fall? A. Yes, sir.

"Q. And did you observe it before you fell? A.No, sir.

"MR. BENNETT: That is all.

"THE COURT: You may cross.
"BY MR. BROWN:
"Q. Miss Campbell, do you know what it was that you tripped on ?

"A. I have no idea, but there was something there that caused me to trip and fall."

The single issue here involves the basic question of whether or not the stairway was defective.

This Court recently stated in Laurie v. M & L Realty Corp., _____Mont._____, 498 P.2d 1192, 29 St.Rep. 478, that the plaintiff has the burden of proving both negligence and proximate cause to sustain a claim for relief based on alleged negligence. Thus, a plaintiff cannot recover without proof of negligence on the part of a defendant. The mere fact that a plaintiff trips and falls does not make a defendant liable. The owner of business premises is not an insurer against all accidents which might befall business invitees on his premises. McIntosh v. Linder-Kind Lumber Co., 144 Mont. 1, 393 P.2d 782; Mellon v. Kelly, 99 Mont. 10, 41 P.2d 49.

The single fact that this Court finds in the record supporting plaintiff's prima facie case is the unexplained fact that plaintiff fell on the stairway of the Baxter Hotel. No evidence has

been adduced as to proof of a raised metal strip, which plaintiff first testified to in her deposition, but later changed. Subsequently, at trial, she testified she did not know what object she tripped over. In direct contrast to the claimed testimonial proof of a defect, defendant's witness produced photographs and testimony that as of November 1971, there was no defect in the nature of a raised metal strip. Even granting plaintiff's objection to the evidence offered by defendant because the photographs were taken six months after the accident, the burden of proving a breach of duty by way of a defect causing injury was not met by plaintiff.

Other testimony in the record reveals that the stairway in question had a handrail which was being used by plaintiff at the time she fell. Similarly, it was established that lighting and visibility were not factors in the accident. It was further established that plaintiff was acquainted with the stairway and had used it over a period of years.

It thus remains that the fatal flaw in plaintiff's case was the inability of plaintiff to show a defect which caused the injuries complained of in the nature of negligent maintenance of the stairway. The jury's conclusion was that defendant was not guilty of negligence and that plaintiff tripped and fell by her own devices. We find nothing to disturb that verdict.

The judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 6 -