**James L. BLUEJACKET, Appellant (Plaintiff below),**

v.

**Maurice H. CARNEY et al., Appellees (Defendants below).**

**No. 4547.**

Supreme Court of Wyoming.

May 27, 1976.

Robert A. Gish, Zaring & Gish, Basin, signed the brief and appeared in oral argument on behalf of the appellant.

William S. Bon and Robert H. McCrary, Casper, signed the brief and appeared in oral argument on behalf of the appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

A summary judgment in favor of the defendant-appellee was granted by the trial judge in this slip and fall case. It is from that, the plaintiff-appellant appeals.

Defendants-appellees own and operate the Ranger Creek Ranch; it is located on a United States forest permit in the Big Horn Mountains. They rent six cabins, serve meals and cater to customers for horseback riding, fishing and hunting. The facility closes for the winter at the end of the hunting season in November. The defendant-proprietress has the help of her mother. Her brother helps with the chores. Her husband drives a truck in town. It is a family venture. Paying guests rent cabins, use a central bathroom (cabins are not modern), shower house and the main lodge building in which is located a dining room. The plaintiff rented a cabin. He was a professional guide, paying not only for his cabin and meals but for those of hunters who hired him in that capacity. He had been a guest ranch operator and outfitter in the same general area for almost 20 years previously, having only recently sold out. He referred to himself as an out-

doorsman. He had been operating out of the Ranger Creek Ranch for almost two weeks before his fall and injury.

It was October; it had snowed a few days prior to the occurrence with which we are concerned. During the daylight hours it would slightly thaw and at night it would freeze, leaving paths interconnecting the various buildings to the cabins snowy and icy. The defendants made no effort to shovel, sand or salt them. According to the proprietors, they were not sanded because there was no sand on the ranch; they were not salted because it did no good. There were no signs warning of the icy condition.

It was dark at the time the plaintiff, while going from the dining room to the cabin he had rented, slipped on the snowy and icy path, fell and broke his hip, resulting in this lawsuit in negligence against the defendant. There is lighting along the path but a light near his cabin was out. It was not pitch black because there were other lights. The paths were dirt over a grassy area between the trees, not surfaced or especially developed for that purpose but only worn through years of foot-traffic at their locations; they were not sharply defined. The record indicates they marked a way being the shortest distance between two points without any particular design. Plaintiff just walked along and followed the footprints of other people in the snow. The defendants may have observed the walkways earlier that day.[1] The plaintiff had been over them several times between then and the moment of his fall.

Plaintiff claims he slipped and fell because of the icy condition of the path and a lack of illumination. As he, by deposition, stated, "That's all I know. My feet went out from under me and I fell." He was wearing hunting boots with a good tread on them at the time. The plaintiff could not relate how the absence of one of the lights in any particular caused the fall. He never stated nor was there any other evidence of what caused him to fall. Plaintiff knew about the presence of snow and ice as well as the absent lightbulb.

In the facts as we have recited them, we have accepted the plaintiff's version taken from his testimony by deposition and affidavit and his other supporting evidence. For example, we accept his testimony that a light was out though the evidence of the defendants might establish to the contrary. We accept the plaintiff's evidence that the paths were not shoveled, sanded or salted and we ignore the defendants' explanation as to why they were not shoveled, sanded or salted. There is no difference in the evidence that there were no warning signs. We consider any conflicts immaterial to our consideration because we examine in an attitude most helpful to the plaintiff.

The motion for summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), W.R.C.P. These requirements are the very core of the summary judgment procedure. A summary judgment proceeding allows for a prompt disposition of actions in the early stages of lawsuits, permitting an end to unfounded claims and avoiding the heavy expense of a full-fledged trial to both the litigants and the judicial machinery of the state, already overburdened. On the other hand, if a plaintiff really has evidence to support a lawful claim, he does not lose his right to trial. If there is a material issue, the case must be tried. The device permits an early test as to the existence of such evidence.[2]

---

1. The only evidence in this regard is indefinite. The defendant-proprietress does not maintain the cabins every day when hunters are in. She stated that she does not bother with a cabin until the party leaves. It is then cleaned and made ready for the next party. She may have cleaned off the porch of plaintiff's cabin earlier that day.

2. For a recent case collecting authority on various phases of the motion for summary judgment, see *Johnson v. Soulis*, Wyo.1975, 542 P.2d 867.

When we review on appeal the denial or grant of a summary judgment, we must look at the record from a viewpoint most favorable to the party opposing the motion. *Poller v. Columbia Broadcasting System,* 1962, 368 U.S. 464, 473, 82 S. Ct. 486, 491, 7 L.Ed.2d 458, 464. The inferences to be drawn from the facts contained in the affidavits, exhibits and depositions must be made in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 1962, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177; *Stevens v. Barnard,* 10 Cir. 1975, 512 F.2d 876, 878. See also for a general discussion of this approach and other citations, 10 Wright & Miller, Federal Practice and Procedure: Civil, § 2716, p. 430.

This court has dealt with a state of facts remarkably similar to those which here appear and had no difficulty affirming a grant of summary judgment. In *LeGrande v. Misner,* Wyo.1971, 490 P.2d 1252, 1254, the plaintiff slipped and fell on an icy sidewalk when leaving the defendant's restaurant. There, the plaintiff's explanation of her fall parallels that of the plaintiff's here: "The reason I fell was because my feet went out from under me. I slipped and lost my balance, and fell backwards." She went on to say: "All I know is that I finally fell." There, as here, the plaintiff gave no reason for having slipped and fallen. In both cases, the plaintiffs were aware of the slippery condition. There, as here, the plaintiff was familiar with the defendant's business establishment, having been there on previous occasions. In *LeGrande,* like here, the plaintiff had an equal or greater knowledge of the hazardous conditions of the walks since she had traversed them subsequent to the time that the defendant had observed them. The facts are stronger against the plaintiff here than in *LeGrande.* Here there is a mountain setting in an undeveloped area, suited to an outdoor environment and nature in the raw, being used by a plaintiff accustomed to and making a living in such surroundings.

We need only parrot the holdings of *LeGrande.* The plaintiff must show a reason for slipping and falling. There was no showing made of neglect or failure to perform a duty on the part of the defendant. Mere conjecture is never sufficient to establish liability:[3] if the walks had been shoveled, sanded or salted or there had been a warning sign, and the light was on, the plaintiff *might* not have been injured. That is not enough. Causal connection has not been established. There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner of the facilities in question.[4]

It has been settled that a storekeeper is not an insurer of the safety of customers. *Watts v. Holmes,* Wyo.1963, 386 P.2d 718, 719. The operator of a facility, such as that of defendants bears a similar relationship to their customers. *Watts* likewise holds that a proprietor is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition. The conditions created by the elements, such as the forming of ice and falling of snow, are universally known and there is no liability where the danger is obvious or is as well known to the plaintiff as the property owner. There was such a condition here but even more to be expected because of its location and use.

The plaintiff has failed to show any other standard of care or duty. In *Maxted v. Pacific Car & Foundry Company,* Wyo. 1974, 527 P.2d 832, 835, this court, quoting Prosser, Law of Torts, 4th Ed., § 37, p. 205, said:

> "'* * * Before any duty, or any standard of conduct may be set, there must first be proof of facts which give rise to it; and once the standard is fixed,

---

3. *Kalman v. Western Union Telegraph Company,* Wyo.1964, 390 P.2d 724, 726.

4. *McKee v. Pacific Power and Light Company,* Wyo.1966, 417 P.2d 426, 427–428.

there must be proof that the actor has departed from it. * * *' "

We find nothing in plaintiff's counter-affidavits or in any other part of the record to demonstrate that any other duty rests on the defendants; there must be. *Apperson v. Kay,* Wyo.1976, 546 P.2d 995, 998. As said in *Maxted,* this is a question of law which will not be left to the whimsy and personal views of the jury. We have no idea what additional standard of care plaintiff claims the defendants must exercise over paths between buildings in a near-wilderness area. We see no showing of anything unreasonable about their being left untended. This was not a posh inn but only offered shelter and food for hunters, with a very minimum of frills.

■ Knowledge of danger on the part of plaintiff obviated any need for warning signs. *Lopez v. American National Bank of Cheyenne,* Wyo.1964, 389 P.2d 21, 22. It would be absurd to put up a sign saying, "Slippery, Walk Carefully" or "Danger—Ice," when it tells the plaintiff something he is bound to know because of its presence which he can see and realize just as well through his own active senses, without prompting. There was no hidden danger but only a well-known prevailing condition.

This cannot be considered a contributory or comparative negligence case because there is no negligence of the defendants in any way demonstrated by the plaintiff. We are unconvinced that we should discard the established law of this state and impose liability upon the slightest pretext for every injury.

Summary judgment for the defendants was most appropriate.

Affirmed.

ROSE, Justice (specially concurring in result).

I concur in the result reached by the majority under *LeGrande v. Misner,* Wyo., 490 P.2d 1252, 1254, which I read to hold that since there was no causal connection shown between the alleged slippery walkway and the injury of the plaintiff, there can be no recovery. See *Lemos v. Madden,* 28 Wyo. 1, 200 P. 791; and *Caillier v. City of Newcastle,* Wyo., 423 P.2d 653.

There was no proof of proximate cause shown by the record in this case. Negligence is not to be presumed from the mere happening of the accident [1] and the burden of proof of negligence and contributory negligence,[2] and proximate cause lies with him who asserts it.[3] Mere conjecture is never sufficient to establish liability on the part of a defendant for injuries claimed to have been received by a plaintiff as a result of defendant's negligence.[4]

It has been said that bad appeals make bad law. This is true and for those who have a concern about precedent in the appellate decisional process, this should not be lost sight of.

This may be a classic example of the maxim. Under the facts, this case was tenuous at the outset. It now emerges from this court as a weapon aimed at the heart of the rule of *Gilliland v. Steinhoefel,* Wyo., 521 P.2d 1350, 1352, where we said:

". . . summary judgment is not commonly interposed and even less frequently

---

1. *Elite Cleaners and Tailors, Inc. v. Gentry,* Wyo., 510 P.2d 784, 788.

2. We said in *Tavares v. Horstman,* Wyo., 542 P.2d 1275, 1278:
   ". . . The burden of proving the negligence of another is upon him asserting it. *Maxted v. Pacific Car & Foundry Co.,* Wyo.1974, 527 P.2d 832, 835. Contributory negligence is an affirmative defense with the burden of proof on the defendant."

*Anderson v. Schulz,* Wyo.1974, 527 P.2d 151, 153 . . . ."

3. *Cunningham v. Pratt,* Okl., 392 P.2d 725, 728; *Brown v. Foster,* Colo.App.1971, 489 P.2d 346; *Campbell v. Bozeman Community Hotel,* Mont., 502 P.2d 1141, 1143–1144.

4. *LeGrande v. Misner,* Wyo., 490 P.2d 1252, 1254.

granted in negligence actions . . . ." (Citing by footnote 3 *Gross v. Southern Railway Company,* 5 Cir., 414 F.2d 292, 296-297; 10 Wright & Miller, Federal Practice and Procedure: Civil § 2729 (1973); 6 Moore, Federal Practice, § 57.17[4], p. 2583 (1974).

We held in *Forbes Company, Inc. v. Mac-Neel,* Wyo., 382 P.2d 56, at page 57:

". . . It is also true that with certain exceptions issues of negligence are not ordinarily susceptible of summary adjudication. *Roucher v. Traders & General Insurance Company,* 5 Cir., 235 F.2d 423; *Cellini v. Moss,* 98 U.S.App.D.C. 114, 232 F.2d 371, 373; *Aetna Insurance Company v. Cooper Wells & Company,* 6 Cir., 234 F.2d 342, 344."

The majority opinion, because of the tenuous factual aspect of this cause, surmounts the barrier that holds negligence and contributory negligence to be for the fact-finder except in the clearest cases. *Borzea v. Anselmi,* 71 Wyo. 348, 258 P.2d 796; *Gerdom v. Gerdom,* Wyo., 444 P.2d 34.

We said in *Tavares v. Horstman,* Wyo., 542 P.2d 1275, 1278:

". . . Questions of negligence and contributory negligence are for the trier of fact. *Fitzsimonds v. Cogswell,* Wyo. 1965, 405 P.2d 785, 786 . . . ."

Even so—I would not agree that there is no issue of fact for the fact-finder—assuming causation had been proved.

I would not agree that there has been no standard of care established from which a fact-finder could have determined the defendants to have departed. The law establishes the standard. It is, at the very least, the duty of the landlord to make the premises safe for business invitees. *Loney v. Laramie Auto Co.,* 36 Wyo. 339, 255 P. 350. This duty exists even where there is no contractual obligation between the owner and the invitee. *Loney,* supra. Other and more definitive duties of care exist where there is a contractual landlord-tenant relationship. *Hape v. Rath,* Wyo., 492 P.2d 974.

The basic question is—was the guest ranch pathway where the plaintiff, as a paying guest, was injured, more like the path to the apartment in the *Hape* case; or was it like the ice in the parking lot in *Watts v. Holmes,* Wyo., 386 P.2d 718—or the icy sidewalk in *LeGrande,* supra—or the invisible glass in the bank in *Lopez v. American National Bank,* Wyo., 389 P.2d 21—or the slippery floor in *Dudley v. Montgomery Ward & Co.,* 64 Wyo. 357, 192 P.2d 617?

I would hold that the relationship between the plaintiff-appellant and the defendants-appellees in this case more closely approximated the contractual landlord-tenant relation considered in *Hape* than it did the casual retail business invitee in *LeGrande, Watts, Lopez,* or *Dudley.* For this reason, I would have applied the rule of *Hape* instead of the rule of *LeGrande, Watts, Lopez,* and *Dudley*—as did the majority.

As I read *Hape,* it is the standard of the landlord's care to keep the premises safe for invitees in some very precise respects and the plaintiff is not necessarily contributorily negligent if he had knowledge of the danger and carefully attempts to cope with it.

We said in *Hape,* supra, at page 977:

"By virtue of the rental agreement and payment of her rental, plaintiff certainly acquired a right to enter and occupy and enjoy the apartment which she rented. The following appears in Restatement (Second), Torts 2d, § 473, p. 523 (1965):

" 'If the defendant's negligence has made the plaintiff's exercise of a right or privilege impossible unless he exposes himself to a risk of bodily harm, the plaintiff is not guilty of contributory negligence in so doing unless he acts unreasonably.' "

In this case the fact-finder could have found that there was only one way—at least only one practical way—to gain access to the cabin. I would, therefore, have applied the rule as stated in *Hape,* supra

from *Pardee Co. v. Austin,* 5 Cir., 58 F. 2d 967, 968:

> " 'No case has held where, as here, the landlord has furnished *only one* way to go, that the fact alone that occupants of the leased premises used that way, even though they knew it to be defective, would defeat recovery. On the contrary, the law is that in such case, the landlord *having furnished that way to go, occupants of the premises may use it, exercising care for their safety, and that it is a question of fact whether such care was used.* [Citing cases.]' " [Emphasis supplied]

We further said in *Hape*:

"The statement appearing in *Robinson v. Belmont-Buckingham Holding Co.,* 94 Colo. 534, 31 P.2d 918, 920, expresses a rationale applicable to the sole entry in our view, wherein it is said:

> " 'It is argued that plaintiff knew, or should have known, of the dangerous condition of the walk and that she therefore assumed the risk of using it, but we must differ. *Even if she had such knowledge, it did not make her a captive in her room; she was obliged to leave the building* to go to her work. * * *' [Emphasis supplied]

See also *Schwab v. Allou Corporation,* 177 Neb. 342, 128 N.W.2d 835; *Roman v. King,* 289 Mo. 641, 233 S.W. 161, 165, 25 A.L.R. 1263; *Conroy v. Briley,* Fla. App., 191 So.2d 601, 603, certiorari denied Fla., 201 So.2d 231; and Annotation 26 A.L.R.2d 610, 639–640, n. 9. It has also been said that even if lessee discovers the dangerous condition he does not necessarily assume the risk or become contributorily negligent in dealing with it. Prosser, Torts, p. 408, n. 13 (4th Ed.)."

If the judge had determined under the evidence that the path used was the sole access—or even if he had found that it was the only practical one—the doctrine of *Hape* would have then been applicable and there then would be sufficient issues of material fact on both the question of negligence and that of contributory negligence to preclude the granting of summary judgment.

Even so, the summary judgment should have been granted because a slippery, dangerous pathway was not established to be the cause of plaintiff's fall and resultant injuries. For this reason only, I concur with the result of the opinion of the majority and would, therefore, also affirm the judgment of the trial court.